**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

United States of America,

            Plaintiff,

vs.

Arnold James Begay,

            Defendant.

No. CR-14-50101-PHX-SRB (JZB)

**REPORT AND RECOMMENDATION**

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

       Pending before the Court is a Petition to Revoke Supervised Release (Doc. 3) filed on September 9, 2014. Pursuant to a Standing Order of Referral, dated July 9, 2014, the Honorable Susan R. Bolton, United States District Judge, referred the Petition to Revoke Supervised Release in the above-numbered case to the undersigned Magistrate Judge to conduct a "hearing and preparation of findings and recommendations . . . and submit the necessary Report and Recommendation . . ." as authorized under 18 U.S.C. § 3401(i) and 28 U.S.C. § 636(b)(3). The parties consented in writing that this Magistrate Judge conduct the hearing on the Petition.[1]

**I.**    **Procedural Background**

       On March 11, 2002, Defendant pleaded guilty, pursuant to a plea agreement, in the

---

[1] A transcript of this hearing was ordered on August 13, 2015.

District of New Mexico, to Aggravated Sexual Abuse of a Child. (Presentence Report (PSR) ¶ 4.)  On July 16, 2002, the District Court of New Mexico sentenced Defendant to 180 months of imprisonment, followed by 60 months of supervised release. (Doc. 1-2.) Defendant's supervised release commenced on May 2, 2014. On May 5, 2014, Senior United States Probation Officer Josephine Begay met with Defendant and reviewed Defendant's conditions of supervised release. Defendant was referred to H & H Treatment Services for sex offender treatment, and was referred to Tuba City Regional Health Care Center for mental health treatment. Transfer of jurisdiction from New Mexico to Arizona was approved by the Honorable Susan R. Bolton on May 19, 2015. On July 23, 2014, Defendant met with Officer Begay to accept a Modification of Supervised Release Conditions. Defendant signed and dated his acknowledgement of the modifications.  (Exh. 2.)

On September 9, 2014, a Petition to Revoke Supervised Release was filed alleging two violations:

A. **<u>Special Condition #13</u>** which states, "*You shall attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer.  You shall abide by the policies and procedures of all the treatment and evaluation providers. You shall contribute to the cost of such treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based upon ability to pay.*"

Begay was unsuccessfully discharged from sex offender treatment on September 2, 2014. Grade C violation § 7B 1.1(a) (3).

B. **<u>Special Condition #24</u>** which states, *You shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.*

Begay was unsuccessfully discharged from Indian Health Services mental health treatment program. Grade C violation § 7B 1.1(a) (3).

(Doc. 3.)[2]

Defendant was arrested on September 12, 2014. (Doc. 6.) Competency proceedings delayed this matter from September 18, 2014 (Doc. 7) to June 9, 2015 (Doc. 26).

On August 11, 2015, this Court conducted an evidentiary hearing. (Doc. 42.) Defendant was present and assisted by counsel. The Government presented one witness (Officer Begay) and admitted two exhibits into evidence without objection by Defendant—(1) a Discharge Summary with attachments, and (2) a Waiver and Order regarding Modification of Supervised Release Conditions.[3] (Exhs. 1, 2.) Defendant testified.

**II.   Findings of Fact**

The Court submits the following findings of fact, which are largely undisputed by the parties.

### a.  Senior Probation Officer Josephine Begay

On May 5, 2014, Officer Begay met with Defendant to review his conditions of supervised release.  Defendant told Officer Begay that spirits told him Officer Begay should be his wife.  Officer Begay told Defendant that his comments were inappropriate. Defendant agreed to modify his behavior and he stated he was willing to attend mental health treatment.

On July 29, 2015, Defendant sent several text messages to Heather Young, his primary treatment therapist at H & H Treatment Programs. (Exh. 1.) The texts were sent from Defendant's phone (ending in "9801") and Defendant acknowledged to Officer

---

[2] The Special Conditions listed in the Petition are copied from the July 23, 2014, Modification of Supervised Release Conditions. (Exh. 2.) They are incorrectly numbered in the Petition. "Special Condition #13" is Condition 1, and "Special Condition #24" is Condition 12. The Court addressed this issue with the parties, and asked Defendant if he had sufficient notice of the allegations. The Court offered to continue the hearing if Defendant requested additional time to prepare.  Defendant's counsel, to his credit, acknowledged that he and his client were aware of the allegations and did not need additional time to prepare.

[3] These Exhibits are attached to this Report and Recommendation.

Begay that he sent the texts.  Four pages of texts from Defendant's phone are contained on the left side of the document.  One text from therapist Young is contained on the right side of the first page of the document.  Officer Begay testified that Defendant told therapist Young that he wanted to "be with" her and wanted her to be his wife. The text messages contained no threats.  On August 5, 2014, Officer Begay spoke with Defendant regarding his inappropriate comments, and Defendant agreed to modify his behavior.

From May to August, 2014, Defendant attended sex offender treatment. Defendant caused substantial disruption in his therapy and group sessions because he refused to acknowledge he committed the crime in this case.  Officer Begay testified that Defendant continually asserted throughout sex offender treatment that a different Arnold Begay committed the crime, and Defendant would not take responsibility for his prior conduct.  Officer Begay testified that she reviewed a September 1, 2014 Discharge Summary from H & H Treatment Programs, which documented Defendant's conduct. (*See* Exh. 1, Discharge Summary ("At this time this offender is deemed unamendable to treatment. Offender is very delusional in his goals and objectives in the treatment process.  Mr. Begay has fixated obsessively on clearing the label 'sex offender' from his records and has continuously attempted to debate his 'case' in group treatment sessions in spite of having been advised and warned of the consequences.").)

On August 29, 2014, Defendant sent several messages to H & H Clinical Supervisor, Beau Harvey.  (Exh. 1, "Texts from Arnold Begay to Beau Harvey.") Three texts to Supervisor Harvey threatened that the "Father" said Harvey would be "going to Hell and lake of fire." (*Id*.)  A text at 9:17 P.M. stated that "Bow now you c Bow u better not run your mouth to no one. You well get you xxx kick or kill. So better be careful Heather is my wife. –AJB-." (*Id*.) At 9:33 P.M., a text stated "Bow, these people out there don't like a rat. It's the same in prison." (*Id*.)

On September 1, 2014, Defendant was unsuccessfully discharged from sex offender treatment. Between August 26, 2014 and September 1, 2014, Defendant was discharged from mental health treatment because he continued to deny responsibility for

his offense and insisted a different Arnold Begay committed the offense. Despite his discharge, Defendant told staff members that he wished to continue with treatment in both programs. Defendant was not seen by a psychiatrist prior to his discharge.

### b.  Arnold James Begay

Defendant testified and agreed that he voluntarily pleaded guilty to the crime of conviction in this case.[4] He agreed he is the Arnold Begay who pleaded guilty and was sentenced to imprisonment.  He stated that he pleaded guilty to avoid a term of lifetime imprisonment. He asserted that a different Arnold Begay committed the offense in this case.

Defendant agreed that he had previously been convicted in New Mexico for sexual misconduct offenses that occurred in 1991. (*See also*, PSR ¶ 29.) Defendant testified that he wished to speak about this New Mexico offense during treatment, but Supervisor Harvey continued to request Defendant speak about his current case. Defendant testified that he was "frustrated" with Supervisor Harvey. He testified that Harvey would "snitch" on him to Senior Officer Begay.  When asked why he threatened Supervisor Harvey, Defendant said it was his intent to make Supervisor Harvey more polite.

Defendant agreed that he understood his terms of supervised release. He agreed that he understood that he was required to participate in mental health and sex offender treatment.

The Court asked Defendant if he was contacted by Senior Officer Begay regarding inappropriate text messages to therapist Young. Defendant stated he had been told not to make contact with therapist Young. Defendant testified he agreed to stop making that contact, but he still wished to contact therapist Young to discuss his spiritual connection and revelation from God. When asked why he agreed to follow some requests (discontinuing contact with therapist Young) but did not follow others (discontinuing discussing his prior state conviction), Defendant said he was not guilty of the federal

---

[4] Paragraph 17 of Defendant's Presentence Report contains an admission by Defendant regarding the commission of the offense.

offense.

### III.   Conclusions of Law

"A district court may 'revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Vallejo*, 69 F.3d 992, 994 (9th Cir. 1995) (quoting 18 U.S.C. § 3583(e)(3)).

The Court is required to determine if Defendant failed to participate in sex offender treatment and mental health treatment.  It is undisputed that Defendant was unsuccessfully discharged from his treatment programs, which is listed as the nature of noncompliance in the Petition. (Doc. 3.) But the government is required to prove that Defendant violated his term of supervised release.  Defendant's terms of supervised release in the Petition required him to participate in treatment programs. *See United States v. Davis*, 481 Fed. Appx. 339, 340 (9th Cir. 2012) (unpublished) (finding that "the district court needed to decide whether Davis's expulsion from New Frontiers constituted a violation of a condition of his supervised release" and that "the district court did not clearly err in finding that Davis was at least partially responsible" for his failure to complete residential drug treatment).

The Court finds that Defendant failed to participate as required. First, Defendant did not participate in his treatment programs because he refused to acknowledge his guilt in the current offense. Defendant testified to this fact and continued to contest his guilt in court.  Defendant maintained this belief before and after competency proceedings. At a minimum, Defendant was capable of stopping his disruption of his treatment programs. Defendant also continued to insist that he discuss his New Mexico case despite numerous requests that he not do so. The record demonstrates Defendant was capable of modifying his behavior regarding inappropriate statements to Officer Begay and therapist Young. Defendant had the ability to modify his behavior when asked to stop discussing his New Mexico case.   This Court is mindful of Defendant's serious mental health issues, but the

record demonstrates that Defendant's conduct listed above was voluntary.

Second, Defendant admitted that he threatened Supervisor Harvey. Defendant stated he did so because he was frustrated with Harvey and wanted Harvey to be more polite.  The text messages of August 29, 2014 from Defendant to Supervisor Harvey include a threat of violence. (*See* Exh. 1 ("You well get you xxx kick or kill. So U better be careful Heather[5] is my wife.").) Defendant also texted to Supervisor Harvey that he would be going to "Hell and lake of fire" and that "people out there don't like rat." (*Id.*) Threatening staff members with violence is a failure to participate in a treatment program.

The Court does not find that Defendant's inappropriate statements to Officer Begay or therapist Young demonstrated a failure to participate in his treatment programs. Defendant acknowledged his conduct and agreed to modify his behavior.

**IV.   Recommendation**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and LRCrim 57.6(d)(4), Rules of Practice for the District of Arizona, the undersigned Magistrate Judge **RECOMMENDS** that the Honorable Susan R. Bolton, United States District Judge, after an independent review of the record, find Defendant violated the terms of supervised released contained in Allegations A and B.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(b)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

**IT IS ORDERED** setting a final disposition hearing for **September 14, 2015**, at **2:45 p.m.** before the Honorable Susan R. Bolton, United States District Judge, in Courtroom 502, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona.

**IT IS FURTHER ORDERED** that the U.S. Probation Department shall prepare a

---

[5] Therapist Heather Young.

Disposition Report and the Defendant shall cooperate with the Probation Department in its preparation of the Disposition Report.

**IT IS FURTHER ORDERED** that the parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rule 59(b)(2), Federal Rules of Criminal Procedure. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Judge without further review. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 59, Federal Rules of Criminal Procedure.

Dated this 14th day of August, 2015.

Honorable John Z. Boyle
United States Magistrate Judge

8

CASE NO. CR-14-50101-001-PHX-SRB

United States

VS. Arnold James Begay

PLAINTIFF'S EXHIBIT _____1_____

DATE: 8-11-15 _____IDEN.

DATE: 8-11-15 _____EVID.

BY: S. Haynore

Deputy Clerk

# H&H Treatment Programs

PO Box 1842, Chinle, AZ 86503

Accountability • Restitution • Change

Josephine Begay, Senior Probation Officer
Todd Davison, Probation Supervisor
Ed Martin, Probation Supervisor
US Probation Office – District of Arizona
123 N. San Francisco, Suite 202, Flagstaff, Arizona 86001

**DISCHARGE SUMMARY:**                                         September 01, 2014

Mr. Arnold James Begay will no longer be accepted to participate in the H&H Treatment Program. At this time this offender is deemed unamendable to treatment. Offender is very delusional in his goals and objectives in the treatment process. Mr. Begay has fixated obsessively on clearing the label "sex offender" from his records and has continuously attempted to debate his "case" in group treatment sessions in spite of having been advised and warned of the consequences. O has engaged in placing multiple inappropriate phone calls, voice mails, and numerous text messages to two H&H Therapists indicative of severely delusional thinking involving threats of harm, as well as possible hallucinations (hearing voices). In these texts, O referred to the female H&H therapist as his "wife" and to the other therapist as a "rat" who is "in the way" of their relationship. He frequently refers to "God" telling him to say these things. O possesses a currently intractable prison mentality in addressing his barriers and problems, and appears to be suffering from psychopathology that not only thwarts appropriate and beneficial participation in the program, but also may pose a danger to treatment staff and fellow group members.

O has made very little progress in the Sex Offender treatment program. He has admitted partially to the sexual assault on his step-daughter but has the habit of quickly switching focus to irrelevant "off the wall" topics. O tends to compose sexual situation scenarios and asks the therapist how they would respond to this situation. He is constantly reminded the treatment is about *him*, not H&H staff. O has been advised from his arrival in the program to obtain a Psychological Evaluation from the local mental health clinic, but none has been completed.

At this time O has been deemed a danger to the H&H staff, and he is Discharged from the program. H&H recommends a Psychological and a Psychiatric evaluation for this offender. O has numerous High Risk Factors for violence and may pose a danger to his family unit and community.

Attached are copies of the offender's text messages from phones of H&H Therapists. If you have any questions or concerns please call 928.349.2607 or email through VMIS.

Sincerely,

Beau Harvey, MA
Clinical Supervisor

Heather C. Young

Primary Therapist



# H&H Treatment Programs

PO Box 1842, Chinle, AZ 86503

Accountability ♦ Restitution ♦ Change

Dynamic Risk Factors:

Arnold James Begay

Diagnosis:

*Attitudes supporting anti-social lifestyle; *O exhibits inappropriate and deviant activities during leisure time plus demonstrates attitudes and beliefs that support anti-social behaviors and thoughts.*

*Callousness; *Lack of concern for others, insensitive for victims and inability to share feelings to cultivate compassion.*

*Does not recognize risk to re-offend; *O struggles to recognize all of following: his likelihood of reoffending, the immediate threat of reoffending, the consequences of reoffending, and the frequency of reoffending behaviors.*

*Insufficient fear of punishment or consequences; *O struggles to take full accountability for his behavior, and he does not acknowledge that his behaviors are deviant/illegal to prevent him from going through with it.*

*Lack of cooperation in treatment; *From his report of previous treatment attempts and current evaluation O has a history of failing to conform to rules and standards of behavior required by treatment situations. He demonstrates/demonstrated open resistance to complying with treatment assignments and to being held accountable for his offenses, behaviors and responsibilities. O demonstrates little or no desire to make personal changes and has failed adequately to complete the work required by treatment program.*

*Loneliness/Social rejection; *O struggles with making friends and feeling close to others in peer friendships and partner relationships. O has admitted to power struggles with siblings at home plus daily arguments regarding family resources. O has mentioned he is more comfortable being alone.*

**Prognosis:** *O will require immediate Psychological and Psychiatric Evaluations to determine how and where he would attain the best help. O may require a higher level of residential treatment and currently is not suitable as an out-patient getting weekly treatment. O has potential for violence as evidenced by his threats to treatment staff.*

Sincerely,

Beau Harvey, MA
Clinical Supervisor

Heather C. Young,

Primary Therapist

**+19282809801**

Hello There, Heather I am sorry hear that you were in a car accident last week. This time you should tell me to drive you there. I hope you get well quick.

We all love you and we miss in TC.

Thank you Mr. Begay?

This is Arnold James Begay, I am @ home in Shonto, Az. By the way I can hear you. You have said I'm going to f@@, you up.          -AJB-

U got to beleave

What u hear

What

Don.t be

This is way I'm teling the truth about myself

I have 2

What?

Its not? ?. @ @

U r very cool person

GOD IS WATCHING

U have be careful what u say to H-H

U be chosen by GOD

Dinner time

Tel that person -HB- TO WAIT I'M EATING

Tel that person -HB- TO WAIT I'M EATING

Good-Nite, I don't go 2 sleep until @ 1 or 2.  -AJB-

Becauz I have talk 2 thes people on the other side earth.

Need  2 talk 2 u alone sometime in the evening. 2 show something up in the nite sky. AJB-

I do feel, if someone is on you at nite or on any day

I do feel u right here & it okay.        -AJB-

These will work on , the that r chosen.

A lot of people r listening.

Yes I felt tht

C U 2RROW MORNING

Do u need a driver? I've  got nothing to do here at home in Shonto.

There is a writing about me in the Bible, ' Is 9 ' -AJB-

Good

I was just at the corn field and horse

My Spiritaul calling started the last part of Aug 2009. Right now its been 4 yrs & 10 mo. -AJB-    2014

I was jugde by GOD at the last part ot Sept 2009.  -AJB-

I was Bless with John 3:16.

All this is truth.        -Arnold James Begay-  7-30-2014 @ 08:13am

Heather, this my nickname CRAZY ARNOLD OR TEDDY BEAR, I want to talk you in person, by yourself here in Shonto, Az. -AJB-

Letters was send 2 them fr NC.

I haven't been with no one for 16 yrs or more, not married & no kids

U must the have injured your R ankle.

How I knew this is by the Spirit of GOD, & GOD is show them to me

Someone is there with u there @ house

Heather u better not put a 5W eneg oil into your car V6

Use 10-30W oil

5w is 4 ele., cars. & 10-30w is 4 cars that runs on gas

U'll have better HP

I heard u & Arnold locking

Good-nite Heather but I still want to talk u Alone.

R U LOVE SICK

OOPS!

I have seen this on your face & been watching  -AJB-

Its all good

U got to be a luck person

So I heard

Yeah I went through it 2

Talking about get mol.

And getting hit

What u went through I went through

I have seen it on my mother, sis, & my bros wife

That why I don't hit women. Why? They do alot

If I my girl or a women get hit I will f.@? That dud up

They no better

**Texts from Arnold Begay to Beau Harvey on 08.29 14 – from Cell phone number 928.280.9801**

4:34 a.m. – Beau H., GOD THE FATHER SAID YOU MUST TELL HEATHER WHAT YOU SAID ABOUT HER TO THE GUYS AFTER YOUR DONE WIYH 90 DAYS REVIEW. GOD THE FATHER AND      THE HOLY SPIRIT OF TRUTH AND OUR MOTHER EARTH. HAVE HEARD WHAT WAS SAID BEHIND HER BACK. GOD THE FATHER SAID YOU ARE GOING TO HELL AND LAKE OF FIRE.

4:42 a.m. – THE HOLY SPIRIT OF TRUTHAND OUR MOTHER EARTH HEARD WHAT YOU SAID BEHIND HER BACK. GOD THE FATHER SAID YOU ARE GOING TO HELL AND LAKE OF FIRE.

4:47 a.m. – FOR YOUR WITCH CRAFT. FR: GOD THE FATHER

4:52 – WITH DUFFY. SAYING WE SHOULD XXXX  ARNOLD JAMESBRGAY'S WIFE HEATHER.

4:59 a.m. – GOD THE FATHER SAID TO STAY FROM HEATHER AND GOD THE FATHER'S SON ARNOLD JAMES BEGAY.

5:00 a.m. – Am.

4:34 a.m. – Beau H., GOD THE FATHER SAID YOU MUST TELL HEATHER WHAT YOU SAID ABOUT HER TO THE GUYS AFTER YOUR DONE WIYH 90 DAYS REVIEW. GOD THE FATHER AND      THE HOLY SPIRIT OF TRUTH AND OUR MOTHER EARTH. HAVE HEARD WHAT WAS SAID BEHIND HER BACK. GOD THE FATHER SAID YOU ARE GOING TO HELL AND LAKE OF FIRE.

8:29 p.m. – Josephine Begay USPO & H&H Treatment Program. Be ready for ?ing – AJB-

8:30 P.M. – I also call E. Martion USPO., and navajo nation social services To G.A. dept. – AJB-

8:32 p.m. – Honey – my wife. U might have to do this for me, that I am tell the truth about me. So I did call the navajo nation chief justice and call the courthouse on

8:43 p.m. – HONEY HEATHER Check this beau will cry like a bxxch to USPO or someone. –AJB-

8:50 p.m. – Honey Heather that xxxxx is a rat.

9:17 p.m. – Bow now you c Bow u better not run your mouth to no one. You well get you xxx kick or kill. So u better be careful Heather is my wife. –AJB-

9:33 p.m. – Bow, these people out there don't like rat. It's the same in prison.

**08.31.2014** – 2:41 p.m. – Beau H. You need to tell Heather Y. the truthabout what you said to this person. Why do you do that Beau H. ? GOD THE FATHER ISWATCHING YOU. GOD WAS ON YOUR HEART

2:56 p.m. – GOD HEARD WHAT WAS SAID. This happen when you went to Page Az by yourself. I know you. By you tell us about someoneinfo. – PRIEST AJB – 2014

2:59 p.m. – Do you want me tell her. – PRIEST AJB_

CASE NO.  CR-14-50101-PHX-SRB

USA

VS.  Arnold James Begay

PLAINTIFF'S EXHIBIT        2

DATE:     8/11/15                    IDEN.

DATE:  08/11/15                    EVID.

BY:  Sherrie M. Hargrove

Deputy Clerk

PROB 49
PROB AZ 1c1
(Rev 8/10)

# UNITED STATES DISTRICT COURT
## FOR THE

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. CR-14-50101-PHX-SRB |
| | ) | |
| Begay, Arnold James | ) | |
| | ) | |

## WAIVER AND ORDER

### Modification of Supervised Release Conditions

I recognize that I have a statutory right under Rule 32.1, Federal Rules of Criminal Procedure, to assistance of counsel (appointed or retained) and a modification hearing in connection with:

☒ Any modification of my conditions of supervised release. 18 U.S.C. 3583(e).

I hereby voluntarily waive my right to retained and appointed counsel and statutory right to a hearing as indicated above, and agree to the following modification of my conditions:

1.  You shall attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer. You shall abide by the policies and procedures of all the treatment and evaluation providers. You shall contribute to the cost of such treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

2.  You shall attend and participate in periodic polygraph examinations as a means to determine compliance with conditions of supervision and the requirements of your therapeutic program, as directed by the probation officer. No violation proceedings will arise solely on the result of the polygraph test. A valid Fifth Amendment refusal to answer a question during a polygraph examination will not be used as a basis for a violation proceeding. You shall contribute to the cost of such polygraph examination not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

3.  You shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved in writing by the probation officer.

cc: Probation

4.  You shall not knowingly or intentionally possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256 (2). You will submit any records requested by the probation officer to verify your compliance with this condition. You shall not enter any location where the primary function is to provide these prohibited materials.

5.  You shall register as a sex offender in compliance with all federal, state, tribal or other local laws or as ordered by the Court. Failure to comply with registration laws may result in new criminal charges.

6.  You shall submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and by any probation officer in the lawful discharge of the officer's supervision functions. You shall consent to and cooperate with the seizure and removal of any hardware and/or data storage media for further analysis by a law enforcement or the probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct. You shall warn any other residents that the premises may be subject to searches pursuant to this condition.

7.  You shall not be in the company of or have contact with children who you know are under the age of 18, with the exception of your own children. Contact includes, but is not limited to, letters, communication devices, audio or visual devices, visits, or communication througha third party.

8.  You shall not directly or indirectly contact any victims and victim's family of the instant offenses without prior written permission. This also includes victims disclosed in treatment, assessment and/or any other victim identified by the probation officer. Indirect contact includes, but is not limited to letters, communication devices, audio or visual devices, communication through a third party and /or your presence at any location the victims may be known to frequent. You shall immediately report any contact to the probation officer.

9.  You are restricted from engaging in any occupation, business, volunteer activity or profession where you have the potential to be alone with children under the age of 18 without prior written permission. Acceptable employment shall include a stable, verifiable work location and the probation officer must be granted access to your work site

10. You shall not possess or use a computer (including internet capable devices) with access to any "on-line computer service" at any location (including place of employment) without the prior written permission of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or e-mail system. If you are allowed by the probation officer access to a computer, you will comply with the conditions of the "Computer Use Agreement".

11. You shall not go to and/or loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18, without prior written permission of the probation officer.

12.   You shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

ORDER OF COURT

Considered and ordered this _21_ day of
_AUG 2014_, _____ and
ordered filed and made a part of the records in the
above case.

_Susan R. Bolton_
Susan R. Bolton
U.S. District Judge

_Arnold James Begay_
Arnold James Begay
Defendant

_7/23/2014_
Date

_Josephine Begay_
Josephine Begay
U.S. Probation Officer

_7/23/14_
Date