# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-50101-PHX-SRB (JZB) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Arnold James Begay, | |
| Defendant. | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Pending before the Court is a Petition alleging violations of supervised release filed on January 28, 2016. Pursuant to a Standing Order of Referral, dated July 9, 2014, the Honorable Susan R. Bolton, United States District Judge, referred the Petition to Revoke Supervised Release in the above-numbered case to the undersigned Magistrate Judge to conduct a "hearing and preparation of findings and recommendations . . . and submit the necessary Report and Recommendation . . ." as authorized under 18 U.S.C. § 3401(i) and 28 U.S.C. § 636(b)(3). The parties consented in writing that this Magistrate Judge conduct this hearing on the Petition. (Doc. 70.)

## I.     Procedural Background

On March 11, 2002, Defendant pleaded guilty, pursuant to a plea agreement, in the District Court of New Mexico to Aggravated Sexual Abuse of a Child. (Presentence Report, Paragraph 4.)  On July 16, 2002, the District Court of New Mexico sentenced

Defendant to 180 months of imprisonment, followed by 60 months of supervised release. (Doc. 1-2.) Defendant's supervised release commenced on May 2, 2014. On September 28, 2015, the Honorable Susan R. Bolton revoked Defendant's supervised release, committed him to the Bureau of Prisons for time served, and placed him on supervised release for 47 months. (Docs. 52, 54.)

On September 29, 2015, Senior United States Probation Officer Josephine Begay met with Defendant and reviewed Defendant's conditions of supervised release. (Ex. 5.) Defendant was referred to H & H Treatment Services for sex offender treatment, and was referred to Tuba City Regional Health Care Center for mental health treatment.

On January 28, 2016, a Petition to Revoke Supervised Release was filed alleging two violations:

> **<u>Special Condition #1</u>** which states, "You shall attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer. You shall abide by the policies and procedures of all the treatment and evaluation providers. You shall contribute to the cost of such treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based upon ability to pay."
>
> On December 15, 2015, Begay was unsuccessfully discharged from sex offender treatment with H&H Treatment Services. Grade C violation § 7B 1.1(a) (3).
>
> **<u>Special Condition #12</u>** which states, "You shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.
>
> Begay was unsuccessfully discharged from mental health treatment with the Tuba City Regional Health Care Center Mental Health Department. Grade C violation § 7B 1.1(a) (3).

(Doc. 58.)

On May 26, 2016, this Court conducted an evidentiary hearing. Defendant was present and assisted by counsel. The Government presented one witness (Officer Begay) and admitted five exhibits into evidence without objection by Defendant. (Exs. 1-5, attached.)  Defendant testified.

## II.     Findings of Fact

The Court submits the following findings of fact.

### a.  Senior Probation Officer Josephine Begay

On September 29, 2015, Officer Begay met with Defendant and reviewed his conditions of supervised release. Defendant signed a copy of the terms of his release. (Ex. 5.) Defendant understood the terms of his release, including the terms related to sex offender treatment and mental health treatment.

On November 23, 2015, Defendant met with Thomas Hatathli for an individual, mental health counseling session. Defendant had been disruptive in group settings during his first term of supervised release, so individual counseling sessions were scheduled to begin this period of counseling. Defendant denied involvement in the underlying offense. Although initially calm, Defendant's "tone turned to anger" in the form of "loud voice, bulging eyes, and pointing his finger" at Mr. Hatathli.   (Ex. 1.)   Defendant was discharged from treatment due to the "anger outburst" until "he is assessed by a psychiatrist for proper (diagnosis) and medication." (*Id*.)

On December 7, 2015, Defendant met with Dr. James Decker of Tuba City Regional Health Care. (Ex. 2.) Dr. Decker completed a nine-page summary of his examination of Defendant. (*Id*.) Defendant told Dr. Decker he wanted assistance with mild depression and wanted to prove he was not "crazy." (*Id*.) Defendant denied he was the person who committed the underlying offense. Defendant stated he wanted to become a minister to help others. Dr. Decker noted that Defendant "was pleasant, but distant and at times evasive, but overall cooperative with exam and polite except when he was directly contradicted which resulted in irritability." (Ex. 2 at 6.) Dr. Decker noted that Defendant blamed his offense on another individual and "is declining to engage in outpatient care at this time," which was "indicative of poor insight with a history indicative of poor impulse control and judgement." (*Id*. at 8.) Dr. Decker's DSM-5 diagnosis was "Attenuated Psychosis Syndrome by history" with no future goals "as patient declining further care." (*Id*.)

On December 23, 2015, Dr. Blanche Ridgley, of Health and Human Services-Kayenta Mental Health Department, contacted Defendant to reschedule a December 24 appointment. Defendant was unwilling to reschedule the appointment. A supervisor contacted Defendant to further attempt to reschedule the appointment for December 31. Defendant told the supervisor that Health and Human Services was not open on December 31, and accused her of taking "psychotropic medication." (Ex. 3.)

On December 8, 2015, Defendant was present at H & H Treatment for a meeting with a therapist. Defendant denied involvement in the underlying offense and became "angry and resistant to treatment." (Ex. 4.) Defendant was suspended from Sex Offender Treatment with H & H Treatment because he was "treatment resistant." (*Id*.) Therapist Jeffrey Cockayne recommended treatment resume after "medication and mood stabilization have occurred with Mr. Begay." (*Id*.)

On December 15, 2015, Defendant was discharged from H & H Treatment Programs when he became verbally abusive with Therapist Cockayne regarding the rescheduling of his appointment.

Officer Begay testified that Defendant complied with filing monthly reports and his obligation not to consume alcohol or illegal controlled substances.

**b. Arnold James Begay**

Defendant testified and acknowledged he met with Officer Begay.   Regarding one incident where he had to reschedule.  Defendant believed he complied with mental health and sex offender treatment requirements. When asked by counsel if he became a "tad upset" with counselors, Defendant testified it happened when his counselors did not listen to him. Regarding mental health treatment, Defendant said that doctors could not force him to take medication. Defendant said that he did not take medication because his prior doctors at Butner told him he did not need to take medication.

During cross-examination, Defendant denied committing the underlying offense. Defendant agreed he pleaded guilty to the offense. Defendant denied getting angry with counselors. Defendant admitted he had an outburst with counselors when he was asked to

reschedule his December 23, 2015 appointment. Defendant stated that he had an "argument" with Therapist Cockayne on December 15, 2015 because Cockayne was late. Defendant said he called the Navajo Police Department because Therapist Cockayne was threatening him with (psychiatric) medication.

The Court asked Defendant if he agreed he became angry with his counselors. Regarding November 23, 2015, Defendant denied being angry but agreed he had "harsh words . . . like when you talk to your kids" because Mr. Hatathli was not doing his job.

**III.   Conclusions of Law**

"A district court may 'revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release…if the court…finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Vallejo*, 69 F.3d 992, 994 (9th Cir. 1995) (quoting 18 U.S.C. § 3583(e)(3)).

The Court is required to determine if Defendant failed to participate in sex offender treatment and mental health treatment.  It is undisputed that Defendant was unsuccessfully discharged from his treatment programs, which is listed as the nature of noncompliance in the Petition. (Doc. 58.) But the government is required to prove that Defendant violated his term of supervised release.  Defendant's terms of supervised release required him to participate in treatment programs. *See United States v. Davis*, 481 Fed. Appx. 339, 340 (9th Cir. 2012) (unpublished) (finding that "the district court needed to decide whether Davis's expulsion from New Frontiers constituted a violation of a condition of his supervised release" and that "the district court did not clearly err in finding that Davis was at least partially responsible" for his failure to complete residential drug treatment).

The Court finds that Defendant failed to participate as required. Defendant did not participate in his treatment programs because he refused to acknowledge his guilt in the current offense. Defendant testified to this fact and continued to contest his guilt in court. Defendant is unlikely to acknowledge guilt in this case. At a minimum, Defendant was

capable of stopping his disruption of his treatment programs. Defendant was terminated from both mental health and sex offender treatment programs because he expressed anger at his treatment providers. Defendant was inflexible regarding rescheduling his appointments, accused one staff member of taking "psychotropic medications," and called the Navajo police because of Therapist Cockayne's alleged conduct.  This Court is mindful of Defendant's serious mental health issues, but the record demonstrates that Defendant's conduct listed above was voluntary.

Defendant failed to participate in sex offender treatment because he would not acknowledge his conduct in the underlying offense. On December 8, 2015, Defendant became "angry and resistant to treatment" with Therapist Cockayne. (Ex. 4.) On December 15, 2015, Defendant was discharged from H & H Treatment Programs when he became verbally abusive with Therapist Cockayne regarding the rescheduling of his appointment.

Defendant failed to participate in mental health counseling. Defendant had an anger outburst with Thomas Hatathli on November 23, 2015. On December 7, 2015, Defendant met with Dr. Decker and told him Defendant declined "to engage in outpatient care."  (Ex. 2 at 8.)

The Court is mindful of Defendant's serious mental health issues, but Defendant is unwilling to participate in treatment directed by others. Defendant remains resolute that he is not guilty of the underlying offense and he is unwilling to discuss his conduct related to this case. Defendant is disruptive with staff members and becomes angry with his counselors. Defendant is capable of complying with many parts of supervised release, but his participation in mental health and sex offender treatment is unsuccessful.

**IV.    Recommendation**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and LRCrim 57.6(d)(4), Rules of Practice for the District of Arizona, the undersigned Magistrate Judge **RECOMMENDS** that the Honorable Susan R. Bolton, United States District Judge, after an independent review of the record, find Defendant violated the terms of

supervised released contained in Allegations A and B.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(b)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

**IT IS ORDERED** setting a final disposition hearing for **June 24, 2016**, at **2:45 p.m.** before the Honorable Susan R. Bolton, United States District Judge, in Courtroom 502, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona.

**IT IS FURTHER ORDERED** that the U.S. Probation Department shall prepare a Disposition Report and the Defendant shall cooperate with the Probation Department in its preparation of the Disposition Report.

**IT IS FURTHER ORDERED** the parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rule 59(b)(2), Federal Rules of Criminal Procedure. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Judge without further review. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 59, Federal Rules of Criminal Procedure.

Dated this 31st day of May, 2016.

_____
Honorable John Z. Boyle
United States Magistrate Judge

7

CASE NO.   CR-14-50101-PHX-SRB

United States of America

vs. Arnold James Begay

PLAINTIFF'S EXHIBIT _____ 1

DATE: _____ IDEN.

DATE: _____ EVID.

BY: _____

Deputy Clerk

```
********* CONFIDENTIAL PATIENT INFORMATION *********
PCC BEHAVIORAL HEALTH ENCOUNTER RECORD       Printed: Dec 16, 2015@13:05:35
            ***  Computer Generated Encounter Record  ***
***********************************************************************
Date:  Nov 23, 2015         Primary Provider: HATATHLI,THOMAS
Arrival Time: 09:00
Program:  MENTAL HEALTH
Clinic:  MENTAL HEALTH (PSYCHIATRY)   Appointment Type:  APPOINTMENT
```

|  | Number | Activity/Service |
|---|---|---|
| Community: TUBA CITY | Served: 1 | Time: 60 minutes |

Activity: 13-INDIVIDUAL TREATMENT/COUNSEL/EDUCATION-PT PRESENT
Type of Contact: OUTPATIENT

CHIEF COMPLAINT/PRESENTING PROBLEM:

S/O/A/P:
S-Today Arnold comes in and started talking about the federal court/prison
system and proceeding. He rumble on about running for Navajo Nation
President and his goals, then  back to allegation of abuse "Which
I didn't do. I want you to listen." He talked in pressured speech
and calmness tone turned to anger "You are the government. You are
one of them" (Loud voice, bulging eyes, and pointing his finger at
me).

Due to Anger Outburst, I told pateint to leave. He is delusional and
not appropriate for therapy. He needs proper assessment with psychiatrist
and to be assess for medication. He has refused in the past to see
a psychiatrist. He has abused 2 children under age 10 and as long
as he is delusional, he is a danger to minor children. He served a
total of 17 years in prison for his crimes. Yet, he is in denial,
grandiose,and delusional.

P-No further appt with me unless he is assessed by a psychiatrist
for proper diagnose and medication. He is on federal probation and
a registrate sex offender.

PROVIDER SIGNATURE:   /es/ THOMAS HATATHLI
                      Signed: Nov 23, 2015 10:38:44

COMMENT/NEXT APPOINTMENT:

| BH POV CODE<br>OR DIAGNOSIS | PURPOSE OF VISIT (POV)<br>[PRIMARY ON FIRST LINE] |
|---|---|
| Z65.3 | PROBLEMS RELATED TO OTHER LEGAL CIRCUMSTANCES |

```
***********************************************************************
BEGAY,ARNOLD JAMES          HRN: 34812 DOB: 10/6/70  SSN: XXX-XX-8225Nov 23, 2015
```

Nov 23, 2015@09:00        Page 2

---

MEDICATIONS PRESCRIBED:

---

PROCEDURES (CPT):
90837  PSYTX PT&/FAMILY 60 MINUTES

---

HR#:  TC 34812
NAME:  BEGAY,ARNOLD JAMES              SSN:  XXX-XX-8225
SEX: MALE                   TRIBE: NAVAJO TRIBE, AZ NM AND UT
DOB:  Oct 06, 1970
RESIDENCE:  SHONTO-AZ
FACILITY: TUBA CITY REGIONAL HEALTHLOCATION: TUBA CITY REGIONAL HEALTH CARE

**************************************************************************

CASE NO.   CR-14-50101-PHX-SRB

United States of America

vs. Arnold James Begay

PLAINTIFF'S EXHIBIT          2

DATE: _____   IDEN.

DATE: _____   EVID.

BY: _____
                Deputy Clerk



# TUBA CITY REGIONAL HEALTH CARE CORPORATION

167 North Main Street, P.O. Box 600
Tuba City, Arizona 86045-0600
(928) 283-2501

## FAX TRANSMITTAL

*Inc. 1-19-01*

Date: 1/25/2016

Number of Pages (including cover page): 11

To: Josephine Begay

Name of Facility: U S Distr Court  Arizona Probation Office

Telephone No.: 928 699 8981

Telefax No.: 928 774 2064

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

From: Dr Decker          Dept.: Mental Health

Telephone No. : (928) 283-2831     Telefax No.: (928) 283-2832

Special
Instructions: Please find enclosed  Dec 7, 2015
assessments

THIS FAX IS INTENDED ONLY FOR THE USE OF THE PERSON OR OFFICE TO WHOM IT IS ADDRESSED, AND CONTAINS PRIVILEGED OR CONFIDENTIAL INFORMATION PROTECTED BY LAW. ALL RECIPIENTS ARE HEREBY NOTIFIED THAT INADVERTENT OR UNAUTHORIZED RECEIPT DOES NOT WAIVE SUCH PRIVILEGE, AND THAT UNAUTHORIZED DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS PROHIBITED.  IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE DESTROY THE ATTACHED DOCUMENT(S) AND NOTIFY THE SENDER OF THE ERROR BY CALLING Tuba City Regional Health Care Corporation, Mental Health Dept. at (928) 283-2831.

```
********* CONFIDENTIAL PATIENT INFORMATION *********
  PCC BEHAVIORAL HEALTH ENCOUNTER RECORD       Printed: Jan 25, 2016@11:58:58
                    *** Computer Generated Encounter Record ***
****************************************************************************
   Date:  Dec 07, 2015              Primary Provider: DECKER,JAMES C
   Arrival Time: 11:54
   Program: MENTAL HEALTH
   Clinic: MENTAL HEALTH (PSYCHIATRY)    Appointment Type: APPOINTMENT
```

|  | Number | Activity/Service |
|---|---|---|
| | Served: 1 | Time: 90 minutes |

Community: TUBA CITY
Activity: 12-ASSESSMENT/EVALUATION-PATIENT PRESENT
Type of Contact: OUTPATIENT

CHIEF COMPLAINT/PRESENTING PROBLEM:  "I'm not crazy?someone else did the
things I am accused of"

S/O/A/P:
REFERRAL:  This is the first TCRHCC Mental Health evaluation for this
45 year-old single Navajo male. He was referred for assessment/treatment
at direction of his PO following release from imprisonment and placement
on federal supervision for charges of Aggravated Sexual Abuse of a
Minor.  He reported he was referred to "make sure I am not crazy",
while his referral notice stated that "As a condition of supervision,
he is to attend mental health treatment," and that "he has been attending
individual [treatment] with H&H Treatment Programs in Tuba City.
 The following evaluation was based upon a 90 minute clinical interview
and a review of the patient's health record. The limits of confidentiality
and privacy, and the clinic attendance policy were discussed and the
patient gave informed consent for this evaluation.  The patient was
considered a moderate historian as he was not forth coming about his
prior treatment/evaluations.

HISTORY of PRESENT ILLNESS:
 The patient presented to the appointment reporting that he is here
seeking assistance with mild symptoms of depressed mood and to "prove
I am not crazy." He stated that he has been accused of and served
prison sentence for crimes which "another Arnold Begay, an older man,"
has committed.  The patent reported that this incarceration and being
accused of crimes has caused him to be down "most of the time" and
highly frustrated with an inability to work or pursue his life calling
of being a minister.  However he denied depressed mood more days than
not which are not directly linked to his current and past legal problems.
 He denied current or past symptoms of mania, and denied anxiety which
is not directly linked to his current or past legal problems.  He
reported than when he is able to not think about his legal problems
for a while that he feels "much better"
 The patient reported that since approximately 2009/10 he has felt
a spiritual calling to minister to others.  This followed a religious

****************************************************************************
BEGAY,ARNOLD JAMES          HRN: 34812 DOB: 10/6/70  SSN: XXX-XX-8225Dec 07, 2015

experience in 2009 when he felt that god "spoke to me in spirit" but he denied having actual auditory words spoken to him.  He did note that he had dreams about the "End of Days" which is coming "sooner than people think", and that he felt chosen to do mission work.  He noted that in a way his current legal problems are persecution, but denied suspicions that others are out to harm him or hurt him, that he has any compulsions or obsessions, or that his behavior or thinking has been disorganized or problematic.  He reported that his future goals of being a missionary are to  "help save as many people as possible."
.The patient reported that he is stymied in his ability to pursue a religious life of a traveling missionary due to his current parole and that this frustrated him greatly.  He noted that he has often been misunderstood by the mental health and legal services and that much of his problems are because "other people don't believe me".
 He declined a recommendation to attempt a trial of neuroleptics to treat his previously diagnosed Attenuated Psychosis Syndrome.  He also declined referral for further outpatient supportive therapy.
 Of note when the provider questioned the patient's denial of responsibility for his legal charges he became irritable, however when reassured that this provider had no interest in involvement in his legal proceedings but rather his optimal assessment and care he was re-directable and congenial (although declining recommended treatments).
 Review of clinical encounters with therapist at TCRHCC on 10/19, 11/02, and 11/23/2015 the patient displayed focus on religious subjects and denying his guilt for prior charges.  He reportedly displayed pressured speech and, as in multiple prior clinical encounters became irritable and unre-directable when he perceives providers to not be in agreement with his denial of past misconduct.

CURRENT STRESSORS: on Parole; lack of employment

NEGATIVE PSYCHIATRIC ROS:
-Patient denied symptoms of anger and irritability.
-Patient denied past and present thoughts, plans, or intent of harming themselves or others
-Patient denied symptoms of depression to include: decreased interest in previously pleasurable activities, insomnia or hypersomnia,  feelings of guilt without reason for guilt, feeling hopeless, changes in appetite or weight, psychomotor retardation or agitation, poor memory or poor concentration.
-Patient denied history of symptoms or current symptoms of mania to include: elevated mood, increased distractibility, increase in goal directed or pleasurable activities, decreased need for sleep, and increased energy.
-Patient denied history of symptoms and did not display current symptoms of psychosis to include: odd behavior, disorganized speech, disorganized behavior, diminished emotional expression, or  impaired cognition or avolition beyond poor insight.

***************************************************************************
BEGAY,ARNOLD JAMES          HRN: 34812 DOB: 10/6/70  SSN: XXX-XX-8225Dec 07, 2015

Dec 07, 2015@11:54      Page 3

PSYCHIATRIC Hx: Of note much of mental health history is drawn from
BOP records and patient denied treatment or evaluation in each instance
until he was read the history in said records.
-The patient was seen by BOP psychology 10/18/2002 for screening and
per records "identified as needing substance use treatment for alcoholism"
but declined treatment.
-The patient was seen by BOP psychology in 2009 monthly while on protective
custody in a Special Housing Unit.  He reported this was "to make
sure I was ok in solitary, not because anything was wrong".  No diagnoses
were reported; patient noted talks were "to help me stay sane".
-The patient was referred for assessment in March 2010 per records
due to allegations of stalking female staff and at the time reported
"spiritual revelations", but per records symptoms were not consistent
with psychosis but, "an attempt to justify desires to communicate
personally with particular female officer".  No diagnoses or treatment
were reported
-The patient was noted by a BOP Chaplain in September 2010 to have
"increasingly odd behavior and statements".  No diagnoses or treatment
were  reported
-The patient was evaluated by Psychiatrist on 10/07/2011 with primary
considerations for diagnoses being Delusional Disorder and Schizotypal
Personality Disorder.  No treatment was reported.
-The patient was evaluated on 02/01/2013 due to "odd behaviors" and
"Staring" at a female officer.  Records indicate he was preoccupied
with said female officer and recommendations were made that his unit
be changed.  Per records he was diagnosed with Delusional Disorder,
Erotomanic Type and was observed to be hyperreligious, but was clear,
coherent, and goal directed and did not receive mental health treatment.
-The patient declined to participate in recommended sex offender treatment
in March 2013.
-The patient attended H&H Treatment Services from May-September 2014
for sex offended treatment.  Per records he was "fixated on debating
his current case?denied commiting any child sexual abuses and stated
another Arnold Begay 'stole' his identity.  After making several inappropriate
calls and texts to his therapists he was discharged from Sex Offender
treatment and later discharged from treatment with H&H entirely due
to "delusional and psychotic behavior" and refusal to take medication.
-The patient was evaluated on 95/08/2014 at TCRHCC with a MSE notable
for pressured speech, elevated mood, and circumstantial thinking as
well as auditory hallucinations from a "spiritual being" and grandiose
statements such as wanting to "run for Chairman of the Navajo Nation."
And clinical encounters on 07/03/2014 and 08/04/2014 document statements
that he was spiritually blessed/purified, could see figures in the
clouds, and received spiritual messages.  It was also documented that
he again stated he was wrongfully convicted of his offences and that
there was another person with the same name who committed the sexual
abuse he was accused of.

*******************************************************************
BEGAY,ARNOLD JAMES         HRN: 34812 DOB: 10/6/70  SSN: XXX-XX-8225Dec 07, 2015

-The patient was evaluated on 10/02/2014 for competency and observed
to become increasingly religiously preoccupied, difficult to redirect,
and overly detailed in his statements.  He was considered for possible
diagnoses of Delusional Disorder, Religious Type; Rule Out of Brief
Psychotic Disorder; and Rule Out of Adjustment Disorder with delusions.
-The patient was sent to Federal Medical Center in Butner, NC in December
2014 for forensic evaluation, assessment, and treatment if indicated.
 It was again noted by providers that he believed he was mistaken
for another Arnold Begay, an older male who committed the crimes of
which he was accused.  He denied symptoms of depressive, anxiety,
or manic nature.  He was documented to be religiously preoccupied
and focused on spiritual messages and revelations which he was called
to proselytize.  In treatment team meetings he was argumentative,
talked over providers, and on his intake meeting had to be asked to
leave the room when he became unre-drectable.  He was discharged from
an educational group due to disruptive and argumentative behavior
after two sessions.  He completed testing prior to his hospitalization
which showed "some deficits probably associated with cultural/linguistic
background" but without evidence of mental deficiency or defect.
 His diagnoses were: 1) Other Specified Schizophrenia Spectrum Disorder,
Attenuated Psychosis Syndrome, and 2) Rule Out Pedophilic Disorder.
 The patient was declared competent to stand trial in April, 2015
and discharged from FMC Butner.
-The patient denied a history of suicide attempts.
-The patient denied a history of psychiatric hospitalizations beyond
that for forensic evaluation in December 2014.
-The patient denied a history of psychotropic medication use.

PSYCHIATRIC FAMILY Hx:
Patient denied a known family behavioral health history

SUBSTANCE Hx & CURRENT USE:
-TOBACCO:  The patient denied a history of or current tobacco product
use
-ALCOHOL:  The patient noted his first drink was around age 12 or
13 but that use was sporadic and did not result in negative social
outcomes.  He reported stopping his use in 1991 when incarcerated
and having "no reason to drink" since that time.
-RECREATIONAL DRUGS:  History of use of Marijuanna on occasion (recreational,
less than weekly) from age 14 to 21 was noted but current and recent
use was denied.

MEDICAL Hx:
-Significant illnesses: Denied.  Patient did note several instances
in childhood/young adulthood when he was thrown from a recreational
vehicle/horse and sustained "a knock on the head", but denied symptoms
after these events.  He denied a history of seizures.

*****************************************************************************
BEGAY,ARNOLD JAMES         HRN: 34812 DOB: 10/6/70  SSN: XXX-XX-8225Dec 07, 2015

Dec 07, 2015@11:54        Page 5

-Surgeries: Denied

MEDICATIONS: Medication Reconciliation was performed

OTC USE:  Denied

ALLERGIES:  He reported NKDA

VITALS:  None taken at this appointment

PSYCHOSOCIAL & DEVELOPMENTAL Hx:
The patient reported being the seventh of eight children born to wed
parents in Tuba City, AZ.
His parents remained married and mother is retired in Shonto, AZ;
his father died in September 2009 from MVA.  He reported they both
worked as cooks while he was a child.  He described his upbringing
as "pretty good" and reported he was primarily raised by both parents.
He previously endorsed a history of verbal, physical, and emotional
abuse as well as sexual abuse (in 2002) but denied any abuse history
during a 2015 forensic exam by BOP:
-He reported being sexually abused by his older sister as a young
child (in 2015 stated was sexual "contact")
-He reported being sexually abused by a male dorm-mate when in third-grade
-He reported physical abuse by an older male cousin as a Junior in
HS.
He reported having several close friends growing up.
He graduated from Monument Valley high-school in 1990 and reported
then attending Job Corp training in Montana in 1991.  Imprisonment
without employment from 1993-1996.  He worked from 1997-1998 as a
laborer at NAPI in Farmington NM, and in 1998 at an automotive shop
until his arrest.
He is not in a long term relationship and has never been married;

He reported he has two daughters born approx. 1997 and 1999 who live
with their mother.
He reported current religious affiliation as "traditional Christian"
and noted that he feels a calling to be a minister which is restricted
by his current parole.

HISTORY OF DOMESTIC VIOLENCE: Denied perpetrating or being victim
of any recent domestic violence.  Reported childhood victim of verbal/emotional
abuse by older siblings

LEGAL Hx & STATUS: In 1991 the patient was charged with Criminal Sexual
Contact of a Minor and imprisoned for 3 years from 1993-1996 and served
probation from 1996-1999.  He was again imprisoned  from 1998-2001
due to parole violation (non-compliance with treatment which was a
term of his parole).  In 2002 the patient was incarcerated again for

*********************************************************************
BEGAY,ARNOLD JAMES         HRN: 34812 DOB: 10/6/70  SSN: XXX-XX-8225Dec 07, 2015

new charges of Aggravated Sexual Abuse of a Minor occurring in 1998.
He was imprisoned from 2002 till May 2014 when he was placed on supervised
release

OBJECTIVE SCALES: None at this time.

MENTAL STATUS EXAM:
He presented appropriately in clean clothing and was neatly groomed
with close cropped hair.
He appeared his stated age and a slightly overweight, average height,
NA male.
He was grossly alert and oriented in all spheres.
He was pleasant, but distant and at times evasive, but overall cooperative
with exam and polite except when he was directly contradicted which
resulted in irritability.
Speech was spontaneous with normal rate, rhythm, tone, and volume
only elevating when declaring his innocence and irritation at current
probation.
The patient's mood was reportedly "upset with how I am treated" but
with a appropriate, full ranging and euthymic affect.
No psychomotor abnormalities were noted.
Thought process was linear and logical; thoughts were goal-directed;
however he was concrete when discussing how he is not to blame for
his convictions.
Thought content was remarkable for a focus on himself as being wrongly
accused and stymied in his hopes to be a minister, but with no specific
obsessions and denial of compulsions, persecutions (beyond that ascribed
to being convicted for another's crimes) or grandiose statements.
The patient denied any auditory or visual hallucinations, but noted
that since 2009 he has received "spiritual revelations" and that he
feels he is called to being a minister.  He noted that these revelations
were auditory and visual with "seeing the end of days" but that he
has not had any in the last few years.
Memory and cognition were grossly intact.  He performed a 30/30 on
MOCA test (english, version 1)
The patient denied any suicidal or homicidal ideation, plan, or intent.

Judgment was intact but by history poor with inappropriate statements
to prior therapists and probation officers.
Insight was intellectual and patient is in denial about his charges
both currently and by record with vascilations from pleeding guilty
and acknowledging sexual assualt of minors to claiming another individual
with the same name is to blame.
Impulse control was present but by history poor when patient feels
sexual attraction to females.

Suicide Risk Factor and Protective Factor Review:  Y=Present, N=Not
Present

**************************************************************************
BEGAY,ARNOLD JAMES          HRN: 34812 DOB: 10/6/70  SSN: XXX-XX-8225Dec 07, 2015

Non-modifiable risk factors  Modifiable risk factors  Protective factors
Sex (Male) Y Access to lethal means/weapons N Strong therapeutic alliance N
Age (<24 or >44) Y Poor Treatment compliance Y Positive Coping Skills Y
History of suicide attempts N Hopelessness N Responsibility to family
member N
Organized plan N Psychic pain/anxiety Y Responsibility to children/pets N
Chronic psychiatric disorder Y Functional turmoil/acute event N Frustration
tolerance N
Recent psych hospitalization N Sleep disturbance N Resilience Y
History of abuse/trauma Y Decreased Self-esteem N Capacity for reality
testing Y
Chronic physical illness N Impulsivity N Patient's amenability to
treatment N
Family history of suicidality N Substance abuse  N Social support Y
No spouse or significant other Y   Religious Belief Y
Recent significant loss N
Significant life transitions Y

   Summary of Risk Assessment:
Based on the clinical evaluation and consideration of risk factors,
the patient was considered a slightly elevated baseline but low acute
risk for suicide. Hospitalization was considered but was not indicated
as patient is currently engaging in care.

Impression:
The patient is a 45 year-old male with a history of legal charges
and currently on probation for Aggravated Sexual Abuse of a Minor
who was referred for psychiatric evaluation due to a history of exhibiting
psychotic-like symptoms of a religious/erotomanic nature . As part
of his probation he has been referred to H&H Treatment Services.
His symptoms appear to be transitory and per his report and others
do not interfere with his functioning, but used to rationalized socially
inappropriate behavior he know is socially inappropriate.
Biologically he has no notable treatment with psychoactive medications
for his symptoms which appear to have waxed and waned with findings
of competency to stand trial in spring 2015.  His medical and medication
history were reviewed and are noncontributory as there do not appear
to be underlying medical diseases likely to be a cause of reported
symptoms.  Further medical workup is not indicated at this time.
He declined a recommendation for trial of treatment with a neuroleptic
to attempt to prevent worsening of mild hyper-religiosity and improve
insight and appropriate engagement in his parole.

Psychologically he has a history of traumatic childhood exposures
of sexual abuse.  He not only appears to have ego dysfunctions with
impaired abstraction, integration, and reality testing but an immature
and concrete approach to negative events including defenses of denial

and projection with impulse dyscontrol and early life use of substances for self-soothing.  Counter-transference from provider was that patients reported symptoms are a fantasy-type escape from responsibility for his previous actions which allow him to deny all guilt for the same.

Mental status exam is significant for patient continuing to blame his prior legal charges on another individual with the same name and focus on his religious calling rather than engaging with his probation terms and conditions.  He also is declining to engage in outpatient care at this time.  Both are indicative of poor insight with a history indicative of poor impulse control and judgement.

Social stressors include lack of employment.

Protective factors include current engagement in care by coming to assessment appointment

At this time he is not actively suicidal and is strongly contracting against self-harm.  He also denied any intent or thought of harming others.  He noted an intention to engage in parole currently.

Patient's recommended disposition which meets goals of safety in the least restrictive environment is for continued outpatient care; however he is declining this at this time.

DSM-5 DIAGNOSES:
- Attenuated Psychosis Syndrome by history
- Rule Out Pedophilic Disorder
PSYCHOSOCIAL & CONTEXTUAL FACTORS: Economic; Legal System Interaction;
History of Abuse/Neglect; History of Criminal Behavior
FUNCTIONAL DISABILITY: Mild-inability to fully engage in Probation
PROGNOSIS: Poor
GOALS: None as patient declining further care.

PROVIDER SIGNATURE:    /es/ JAMES C DECKER
                       PSYCHIATRIST
                       Signed: Jan 25, 2016 11:57:43

COMMENT/NEXT APPOINTMENT:
PLAN:
1) DISPOSITION:
a) The patient is responsible for his actions.  Based upon today's assessment, he does  not represent a significant risk to self or others currently; but may in future if his psychotic symptoms further impair his resoning.

****************************************************************************
BEGAY,ARNOLD JAMES          HRN: 34812 DOB: 10/6/70  SSN: XXX-XX-8225Dec 07, 2015

Dec 07, 2015@11:54      Page 9

b) At this time, hospitalization is not indicated. Patient is not
interested in treatment but does not meet criteria under local state
or tribal laws for involuntary treatment.
2) No indications for notification of law enforcement or other personnel
at this time to ensure patient or other's safety.

3) FURTHER WORKUP:
a) None at this time

4) PHARMACOTHERAPY:
a) Patient declined neuroleptic treatment after discussion of risks,
benefits, and alternatives (including no treatment) as well as side
effects of medication.

5) FOLLOW-UP:
a) Patient declined follow up with Dr. Decker or outpatient therapists.

6) SAFETY PLAN: The patient agreed to contact emergency services in
the event of a mental health emergency, or if he feels there is a
potential for harm to self or others.  The patient denied a history
of any suicidal/homicidal ideation, plan, or intent.

7) COORDINATION OF CARE / REFERRALS:
a) Patient declined referral to individual therapy

8) PATIENT EDUCATION:
a) The results of this evaluation and plan were discussed with the
patient who understood but did not concur with his diagnoses.  No
barriers to learning.

9) The point of contact at TCRHCC Mental Health clinic regarding this
evaluation is Dr. James C. Decker  at  928 283-2831.

10) Expectations for treatment were discussed with the patient including
necessity for compliance with medication/therapy recommendations,
importance of keeping all appointments as scheduled, and importance
of canceling/rescheduling appointments at least 24 hours in advance.

11) Diagnoses are based on the information and presentation of the
patient available to this provider today.  Diagnoses are subject to
change, based on future presentation of additional data.

12) This evaluation consisted of a review of patient's records, a
complete clinical interview, mental status examination, and generation
of this report with diagnostic impressions and treatment recommendations.

*********************************************************************
BEGAY,ARNOLD JAMES          HRN: 34812 DOB: 10/6/70  SSN: XXX-XX-8225Dec 07, 2015

Dec 07, 2015@11:54       Page 10

BH POV CODE         PURPOSE OF VISIT (POV)
OR DIAGNOSIS        [PRIMARY ON FIRST LINE]

F28.            OTHER SPECIFIED SCHIZOPHRENIA SPECTRUM AND OTHER
        PSYCHOTIC DISORDER
                Attenuated Psychosis Syndrome

Placement Disposition: OTHER
  Facility:  Declining outpatient care

MEDICATIONS PRESCRIBED:

PROCEDURES (CPT):
90792  PSYCH DIAG EVAL W/MED SRVCS

HRê:  TC 34812
NAME:  BEGAY,ARNOLD JAMES                SSN:  XXX-XX-8225
SEX: MALE                    TRIBE: NAVAJO TRIBE, AZ NM AND UT
DOB:  Oct 06, 1970
RESIDENCE:  SHONTO-AZ
FACILITY: TUBA CITY REGIONAL HEALTHLOCATION: TUBA CITY REGIONAL HEALTH CARE

*********************************************************************

CASE NO.   CR-14-50101-PHX-SRB

United States of America

vs. Arnold James Begay

PLAINTIFF'S EXHIBIT _____ 3 _____

DATE: _____ IDEN.

DATE: _____ EVID.

BY: _____

Deputy Clerk



# Facsimile Transmittal Sheet

Number of pages including cover sheet: _____

To: ___Josephine Begay_____

Address: _____

Sender: _Blanche Ridgley___ Date: _12-23-15___

Message/Instructions: _____

*The information contained in this facsimile is privileged and confidential and intended for the use of addressee only. If you are neither the intended recipient nor the employee/ agency responsible for delivery to addressee, you are hereby notified that any disclosure, copying or distribution is strictly prohibited and may be punishable by law.*

FAX: (928) 697-4189          VERIFY: (928) 697-4185/4188

Kayenta Health Center
Counseling Services
P.O. Box 368 Hwy. 163
Kayenta, Arizona 86033



**DEPARTMENT OF HEALTH & HUMAN SERVICES**          Navajo Area Indian Health Service
                                                              Kayenta Service Unit
                                                              P.O. Box 368
                                                              Kayenta, Arizona 86033

## MEMORANDUM

December 23, 2015

To: Josephine Begay;

Confidential Re: Arnold James Begay

This is a letter concerning the following patient: Arnold James Begay. I consulted with Arnold Begay in an attempt to reschedule his appointment that had been previously scheduled for December 24, 2015. Mr. Begay would not allow me to reschedule the appointment. He stated, "I was ordered to have this evaluation done as soon as possible from my probation officer, Josephine Begay." I attempted to reschedule him for today, December 23, 2015, at 3:30 PM, since he was on the Kayenta Health Services campus. He stated, "I don't know when my appointment will be over. Therefore, I consulted another therapist who agreed to evaluate the patient on December 31, 2015. Patient again refused to accept the new appointment.

I consulted Lisa John about her schedule for December 24, 2015. Lisa stated, "it sounds like he might need be referred to the Department of Behavioral Health." Lisa took the phone and consulted with Mr. Begay. Mr. Begay continued to state, "I have an appointment scheduled for tomorrow." Lisa asked him who referred him and he wouldn't provide the information to Lisa. He began making lewd comments to Lisa and hung up on her.

We then took the matter to Arlene Morris, Supervisor. Arlene introduced herself to him and added that she understood he was not happy that we had to reschedule. She shared we could reschedule him with the other therapist on December 31, 2015 at 8:00 AM. Patient then started saying you are not open on December 31, 2015 New Year's Eve. He then began making accusations at Arlene saying, "Are you on psychotropic medication? You're on psychotropic medication."

Arlene called patient's probation officer who advised that patient did not finish a Mental Health program. The probation officer requested a appraisal of the situation be faxed to her. She also advised the staff to call the police as he may be potentially dangerous. .

Blanche Ridgley PH.D.

Lisa John LADAC

Arlene Morris LCSW
Supervisor of Social Services

CASE NO.   CR-14-50101-PHX-SRB

United States of America

vs. Arnold James Begay

PLAINTIFF'S EXHIBIT _____ 4 _____

DATE: _____ IDEN.

DATE: _____ EVID.

BY: _____

Deputy Clerk



H&H TREATMENT
PROGRAMS

# Discharge Summary

Date: January 3, 2016
Client: **BEGAY, Arnold James**
PACTS #: 222655
DOB: 02/16/1971

## Sex Offender Treatment Discharge Summary:

Mr. Begay initially entered the H&H Treatment Programs Sex Offender Treatment on 05/13/2014.  Mr. Begay was provided the H&H SO Treatment Program orientation and he signed a treatment contract outlining specific sex offender treatment requirements. Since entering the H&H SO Treatment Program Begay has violated treatment requirements and is being discharged from treatment due to non-compliance with medications and becoming treatment resistant.
This therapist's clinical notes dated 12.08.2015 read:

"Client had difficulty admitting and discussing first SO offense with denial, shifting the blame, becoming angry and resistant to treatment. Therapist cued and informed client that session would be terminated early if client continued trying to take control of session. Therapist recommends reducing talk therapy to strictly CBT work on The Road to Freedom and compliance with workbook. If client is resistant to previously prescribed recommendation, this therapist recommends termination of treatment-client being treatment resistant. Psychiatric Evaluation pending to determine mental capacity to understand therapy and self-awareness. Client's level of risk of re-offending may be escalating, Psycho-Sexual Recommended to R/O level of risk rising."

On 12.15.2015 this therapist was informed by his Probation Officer that he has not been taking his medications and client was treatment resistant by becoming verbally abusive with this therapist. This therapist recommends terminating talk therapy until medication and mood stabilization have occurred with Mr. Begay.

Please contact me at 435.640.2221 if you have any questions concerning this discharge summary.

Respectfully,

Jeffrey B. Cockayne, LPC
Primary Therapist

Katie Adams
Clinical Supervisor

PO Box 1842 • Chinle, AZ 86503

CASE NO.   CR-14-50101-PHX-SRB

United States of America

vs. Arnold James Begay

PLAINTIFF'S EXHIBIT _____ 5

DATE: _____ IDEN.

DATE: _____ EVID.

BY: _____

Deputy Clerk

1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT
7                   FOR THE DISTRICT OF ARIZONA
8

| | |
|---|---|
| 9  United States of America, | CR-14-50101-1-PHX-SRB |
| 10        Plaintiff, | ORDER |
| 11  vs. | REVOKING SUPERVISED RELEASE |
| 12 | |
| 13  Arnold James Begay #20079-051, | |
| 14        Defendant. | |

15

16      A petition for revocation of supervised release having been filed and hearings held

17 with the defendant and counsel present, and the defendant having been found in violation of

18 special conditions #13 and #24,

19      IT IS ORDERED revoking the defendant's supervised release and the defendant,

20 Arnold James Begay, shall be committed to the custody of the Bureau of Prisons for a term

21 of **TIME SERVED.**

22      IT IS FURTHER ORDERED upon release from the Bureau of Prisons defendant is

23 placed on supervised release for a period of **FORTY-SEVEN (47) MONTHS.**

24      IT IS FURTHER ORDERED reimposing the $100.00 special assessment, with credit

25 for monies paid to date.

26      IT IS FURTHER ORDERED affirming standard conditions of supervision adopted

27 by the Court in General Order 12-13 previously imposed. The defendant shall comply with

28 the following additional conditions:

1.   You shall attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer. You shall abide by the policies and procedures of all the treatment and evaluation providers. You shall contribute to the cost of such treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

2.   You shall attend and participate in periodic polygraph examinations as a means to determine compliance with conditions of supervision and the requirements of your therapeutic program, as directed by the probation officer. No violation proceedings will arise solely on the result of the polygraph test. A valid Fifth Amendment refusal to answer a question during a polygraph examination will not be used as a basis for a violation proceeding. You shall contribute to the cost of such polygraph examination not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

3.   You shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved in writing by the probation officer.

4.   You shall not knowingly and intentionally possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256 (2). You will submit any records requested by the probation officer to verify your compliance with this condition. You shall not enter any location where the primary function is to provide these prohibited materials.

5.   You shall register as a sex offender in compliance with all federal, state, tribal or other local laws or as ordered by the Court. Failure to comply with registration laws may result in new criminal charges.

6.   You shall submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and by any probation officer in the lawful

- 2 -

1    discharge of the officer's supervision functions. You shall consent to and cooperate

2    with the seizure and removal of any hardware and/or data storage media for further

3    analysis by a law enforcement or the probation officer with reasonable suspicion

4    concerning a violation of a condition of supervision or unlawful conduct. You shall

5    warn any other residents that the premises may be subject to searches pursuant to this

6    condition.

7  7.    You shall not be in the company of or have contact with children under the age of 18

8    without prior approval of the probation officer. Contact includes, but is not limited to,

9    letters, communication devices, audio or visual devices or communication through a

10    third party. You shall immediately report any contact to the probation officer.

11  8.    You shall not contact the victim(s) and victim(s) family , and the probation officer

12    will verify compliance.

13  9.    You are restricted from engaging in any occupation, business, volunteer activity or

14    profession where you have the potential to be alone with children under the age of 18,

15    or with a vulnerable population (i.e. elderly or physically or mentally handicapped)

16    without prior written permission. Acceptable employment shall include a stable,

17    verifiable work location and the probation officer must be granted access to your work

18    site.

19  10.    You shall not possess or use a computer (including internet capable devices) with

20    access to any "on-line computer service" at any location (including place of

21    employment) without the prior written permission of the probation officer. This

22    includes any Internet service provider, bulletin board system, or any other public or

23    private network or e-mail system. If you are allowed by the probation officer access

24    to a computer, you will comply with the conditions of the "Computer Use

25    Agreement".

26  11.    You shall not go to and/or loiter within 100 feet of school yards, parks, playgrounds,

27    arcades, or other places primarily used by children under the age of 18, without prior

28    written permission of the probation officer.

- 3 -

1  12.   You shall participate in a mental health program as directed by the probation officer

2        which may include taking prescribed medication.  You shall contribute to the cost of

3        treatment in an amount to be determined by the probation officer.

4  13.   You shall abide by a curfew restricting you to your approved residence each day, with

5        the hours to be determined by the probation officer. Prior written permission from the

6        probation officer is required to deviate from the curfew schedule.

7        The defendant is advised of his right to appeal within 14 days.

8                                    DATED this 29th day of September, 2015.

9        *6 AM to 8 PM = can leave*

10       *8 PM to 6 AM have*

11       *to be home.*

12                                    _____
                                      Susan R. Bolton
                                      United States District Judge

15       *Reviewed and given a copy*

17       *on 9/29/15 by*

20       *X_____*

-4-